PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JULIAN CAGGIANO,

       Plaintiff,

  -v-                                          20-CV-6475-CJS
                                                        ORDER
D. G. REES, STEPHANIE N. AGOSH,
N.Y.S. D.O.C.C.S, C.N.Y.P.C., J.
VANOSTRAND, A.L. SOWICH, M.
RUSSELL,

       Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff, Julian Caggiano, a former prisoner, filed a Complaint asserting claims under 42 U.S.C. § 1983.  Docket Item 1.  Upon screening of the Complaint under 28 §§ 1915(e)(2)(B) and 1915A, the claim against Defendant Agosh that occurred at Auburn Correctional Facility ("Auburn") was severed and transferred to the United States District Court, Northern District of New York, and the claim against Defendant Rees that occurred at the Livingston Correctional Facility ("Livingston") was dismissed with leave to file an amended complaint.  Docket Item 3.  Plaintiff timely filed an Amended Complaint, Docket Item 5, and a Motion seeking permission to proceed *in forma pauperis* ("IFP"), Docket Item 6.

For the reasons that follow, Plaintiff's Complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Because Plaintiff was previously granted permission to proceed in forma pauperis, the IFP Motion is denied as moot.

1

## **DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). Leave to amend pleadings may be denied when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**THE AMENDED COMPLAINT**

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the

most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

A liberal reading of the Amended Complaint and attached documents, assumed to be true, tells the following story. On July 5, 2017, while incarcerated at Livingston, Plaintiff was sexually harassed in the bathroom dorm by Defendant Correctional Officer Rees. Docket Item 5 at 3. Plaintiff has an anxiety disorder which makes it "close to impossible for [him] to use the bathroom in front of others," so he hung a towel across the stall door for privacy. *Id*. at 18. Rees came in the bathroom and told Plaintiff to take the towel down. *Id*. Plaintiff complied but later put the towel across the stall door again after Rees left. *Id*. When Rees entered the bathroom again, he removed Plaintiff's towel, looked in the stall and stared at Plaintiff. *Id*. Plaintiff explained that he felt uncomfortable with Rees looking at him in the stall. *Id*. Rees "stated with a slight smirk that he's the only one that will be looking at [Plaintiff] then winked," and suggested Plaintiff could be a model. *Id*. Because of past abuse, this incident made Plaintiff "very emotional . . . close to having a panic attack and feeling mentally unstable." *Id*. at 19. Plaintiff filed a report or complaint under the Prison Rape Elimination Act ("PREA"), which as of the time of the filing of the initial Complaint, was still pending. *Id*. at 3.

On August 12, 2017, Plaintiff attempted suicide while incarcerated at Auburn. *Id*. Subsequent to his attempt, Defendant Agosh interviewed Plaintiff to determine his mental health status and submitted paperwork to the Office of Mental Health at the Central New

3

York Psychiatric Center to change Plaintiff's mental health status to Level 1 S, which is the most severe level.  *Id*.  In August, Defendant Vanostrand "failed to properly release the Plaintiff into the appropriate prison with the right services," and Plaintiff was released to general population at Auburn.  *Id*. at 4.  Plaintiff was erroneously placed in keeplock and, upon his release, he was given a razor along with his property.  *Id*.  Because Plaintiff had attempted suicide, he should have but was not placed on razor deprivation.  *Id*.

When Plaintiff was transferred to Mohawk Correctional Facility ("Mohawk") in August 2017, he told a nurse that he did not feel comfortable revealing any suicidal ideations because he believed his personal possessions would be taken and he would be placed in solitary confinement.  *Id*.  Plaintiff was placed on suicide watch in the SHU, and released the following day.  *Id*.  On September 5, 2017, Plaintiff asked an unnamed sergeant about his PREA report and he "threatened that Plaintiff should drop the matter, 'if Plaintiff knew what was best for him.'"  *Id*. at 4-5.  Plaintiff told a counselor that "he was still suffering emotionally and mentally over the PREA incident with [Defendant] Rees.".  *Id*. at 5.  On September 11, 2017, Plaintiff told Defendant Sowich that "he was still suffering emotionally and mentally over the PREA incident . . . [and] was told he would have to wait 30 days to receive counseling and/or support of any kind."  *Id*.

Plaintiff was transferred to Mid-State Correctional Facility ("Mid-State") on September 28, 2017 where, despite his prior suicide attempt, he was still allowed to use a shaving razor.  *Id*.  He told Defendant Russell on October 10, 2017 "that he was still dealing mentally and emotionally with the PREA incident," and asked to be placed in the intensive care program ("ICP") unit at the facility.  *Id*.  Russell explained that "even though [Plaintiff] was eligible for ICP, he did not think it necessary for Plaintiff to be in that

4

program." *Id*. Plaintiff attempted suicide a second time on October 12, 2017, with his shaving razor. *Id*. After this attempt he was diagnosed with post-traumatic stress disorder "due to the harassment and prior abuse." *Id*. at 3.

Plaintiff filed a formal complaint against the Office of Mental Health on September 20, 2018 "regarding the events from August 12, 2017 until September 20, 2018." *Id*. at 3. He also filed a lawsuit in the New York State Court of Claims, which appears to have been dismissed on December 13, 2020. *Id*. at 5-6.

**SECTION 1983 CLAIMS**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each

5

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

1. **Sexual Abuse or Harassment Claim**

Plaintiff was granted leave to file an amended complaint in order to set forth factual allegations to support his claim that Rees sexually harassed him in violation of the Eighth Amendment. *See* Docket Item 3. Upon review of Plaintiff's Amended Complaint, the Court finds that Plaintiff has failed to cure these pleading defects. In his Amended Complaint, Plaintiff again alleges that Reese harassed him on July 5, 2017 at Livingston in the bathroom dorm. Docket Item 5 at 3. Rees allegedly looked, stared and winked at Plaintiff while he was in the bathroom stall, and made remarks about the size of his penis. *Id.* at 18. The Court previously found these allegations of unprofessional and improper behavior failed to state an Eight Amendment claim of cruel and unusual punishment. *See* Docket Item 3. There are no new or additional allegations in the Amended Complaint that alter this conclusion. Accordingly, Plaintiff's claim must be dismissed.

Under the Federal Rules of Civil Procedure, "leave to amend shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend pleadings may be denied where amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."). The Court has already afforded Plaintiff an opportunity to amend his complaint with specific instruction as to what allegations, if in existence, Plaintiff must

assert to proceed with this suit and declines to allow Plaintiff a second opportunity to amend.

## 2. Remaining Claims

The remainder of Plaintiff's Amended Complaint details events that allegedly occurred at Auburn, Mohawk, Mid-State and the Central New York Psychiatric Center. This Court previously severed and transferred claims against Agosh that occurred at Auburn in its October 1, 2020 Screening Order. *See* Docket Item 3. In his Amended Complaint, Plaintiff again names Agosh as a Defendant. He also names Auburn Health Supervisor Joanne Vanostrand, Mohawk Social Worker Amy L. Sowich, Mid-State Social Worker M. Russell, and the Central New York Psychiatric Center as Defendants in this action. Auburn is located in Cayuga County, New York, and Mohawk, Mid-State and the Central New York Psychiatric Center are located in Oneida County, New York. All these Defendants and facilities are located in the Northern District of New York.

To the extent that Plaintiff seeks to assert claims against Vanostrand, Sowich or Russell for events that allegedly occurred at Auburn, Mohawk, Mid-State, and the Central New York Psychiatric Center, this Court is not the appropriate venue to hear this matter. *See* 28 U.S.C. §§ 1391(b); 1406(a). Plaintiff may seek permission to add these claims or Defendants to the complaint severed and transferred to the Northern District of New York, or file a new complaint in the Northern District of New York. Accordingly, any claims arising out of Plaintiff's confinement at Auburn, Mohawk, Mid-State and the Central New York Psychiatric Center are dismissed without prejudice.

**ORDER**

IT IS HEREBY ORDERED, that the claims arising out of Plaintiff's confinement at Auburn, Mohawk and Mid-State Correctional Facilities and the Central New York Psychiatric Center, are dismissed without prejudice;

FURTHER, that the remainder of Plaintiff's Amended Complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted;

FURTHER, that Plaintiff's motion to proceed *in forma pauperis* is denied as moot;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:   February 22, 2021
         Rochester, NY


 **/s/ Charles J. Siragusa**

Charles J. Siragusa
United States District Judge